HARRY ROOP v. THE STATE OF NEW JERSEY.

1. Upon the trial of an indictment for keeping a disorderly house, the defendant was permitted to be asked, on cross-examination, whether he had not been indicted for keeping a disorderly house at another place. *Held*, error.

2. A witness for the state, who had resided in the house defendant was charged with maintaining, and who testified to its disorderly character, was asked whether she was not living, at the time of examination, in a house of prostitution. The evidence was admissible for certain purposes, but not for the purposes which defendant's counsel stated to the court as the ground for its offer. *Held*, that the rejection of the evidence is not reviewable.

On error to Camden Sessions.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *John H. Fort.*

For the state, *Wilson H. Jenkins*, prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, J.   The record returned with this writ discloses the conviction of plaintiff in error upon an indictment charging him with the offence of keeping a disorderly house.

The bill of exceptions shows that upon the trial of the indictment, plaintiff in error, having testified in chief in his own behalf, was asked by prosecutor, on cross-examination, this question, " Were you and Knopper indicted for keeping a disorderly house at Gloucester ? "   His counsel objected to the question, but it was admitted by the court and an exception allowed and sealed.

The witness had previously been asked if he had been convicted of keeping a disorderly house in another state, and had answered in the affirmative.   This question and answer were admissible by force of the provisions of ·section 1 of the Evidence act (*Gen. Stat., p.* 1397), and the answer could be used to affect the credit of the witness.   But evidence of the commission of such a crime could not be admitted as tending to establish accused's commission of the crime charged in the indictment on trial.   *State* v. *Raymond,* 24 *Vroom* 260 ; *Clark* v. *State,* 18 *Id.* 556.

The question admitted against objection was plainly improper.   It called for a response as to a mere charge of crime, in respect to which there was a presumption of innocence, while proof of the actual commission of such a crime was inadmissible.

Prosecutor contends that the error in admitting the question objected to could not have prejudiced the accused in maintain-

ing his defence on the merits, and that the error ought not to avail him in reversing the judgment. But the case before us is too meagre to justify us in holding that it did not work to the prejudice of the accused with the jury, as it clearly tended to do.

The only difficulty I have is with respect to this error having been properly assigned. The assignment directed to this point avers that the court erred in "compelling the defendant to answer the question" above recited. The admission of the question by the court, however, cast on the witness the duty of answering unless he was privileged to decline to answer. The bill of exceptions shows no claim of privilege but that the witness answered in the affirmative. In this view, I think the exception is covered by the assignment.

The bill of exceptions further discloses that one Marie Eddy, a witness for the state, who testified to the disorderly character of the house in question, in which she had been living, was asked, on cross-examination, whether she was not then living in a house of prostitution. This question was objected to by the prosecutor and excluded by the court, and an exception allowed and sealed.

This question was quite proper to be asked of this witness. There is no privilege of a witness excusing answers to questions as to situation, employment and associates when of his own choice. If the answers tend to disgrace, the position is of his own selection. 1 *Greenl. Evid.*, § 456. There was, moreover, in this case, another ground for the admission of such an inquiry. In response to previous questions, the witness had admitted that she had been a "ruined girl for about eighteen months," but averred that she had reformed. Whether she was at the time of the examination living in a house of ill-fame was proper to be inquired about.

But the attention of the court below was not directed to either of these grounds for admitting the question. The object stated in support of the offer was to lay a foundation for the introduction of testimony that the witness was of notoriously bad character and unworthy of belief, and had

made the complaint for revenge and blackmail. The ruling of the court was made upon that statement and was clearly correct, for the question asked did not, in any respect, tend to lay a foundation for the counter testimony referred to. Evidence of bad reputation and of false and corrupt complaints needed no foundation.

Nothing is better settled than that a court of review will not examine points not taken in the court below, and if evidence is properly rejected as incompetent for the purpose for which it is offered, the ruling will not be erroneous, although it was admissible for other purposes. *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey*, 8 *Vroom* 526 ; *Packard* v. *Bergen Neck Railway Co.*, 25 *Id.* 553.

For this reason the exception is unavailable to the plaintiff in error.

But for the error pointed out by the other exception there must be a reversal of the judgment.